UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by RGS D.C.
NOV 18 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Sealed |
| **Plaintiff,** | |
| **v.** | 09-82322 |
| **FIRST UNIVERSAL LENDING, LLC, a limited liability company,** | CIV-ZLOCH |
| **SEAN ZAUSNER, individually and as owner, officer, or manager of First Universal Lending, LLC,** | CIVIL NO. |
| **DAVID ZAUSNER, individually and as owner, officer, or manager of First Universal Lending, LLC, and** | ROSENBAUM |
| **DAVID J. FEINGOLD, individually and as officer or manager of First Universal Lending, LLC,** | |
| **Defendants.** | |

**PLAINTIFF'S COMPLAINT**
**FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC") for its complaint alleges:

1. The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 - 6108, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other

equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the marketing and sale of mortgage loan modification and foreclosure relief services.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

**PLAINTIFF**

4. The FTC, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce. The FTC also enforces the Telemarketing Act, 15 U.S.C. §§ 6101 - 6108. Pursuant to the Telemarketing Act, the FTC promulgated and enforces the TSR, 16 C.F.R. Part 310, which prohibits deceptive and abusive telemarketing acts or practices.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the TSR, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 56(a)(2)(A)-(B), 57b, 6102(c), and 6105(b).

## DEFENDANTS

6. Defendant First Universal Lending, LLC, ("First Universal") is a Florida limited liability company with its principal place of business at 5100 PGA Boulevard, 2nd Floor, Palm Beach Gardens, FL 33418. From at least 2008, First Universal, acting alone or in concert with others, advertises, markets, or sells mortgage loan modification and foreclosure relief services to consumers throughout the United States. First Universal transacts or has transacted business in the Southern District of Florida.

7. Defendant Sean Zausner is an owner, officer, and manager of First Universal. In connection with the matters alleged herein, he transacts or has transacted business in this District. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of First Universal, including the acts and practices set forth in this complaint.

8. Defendant David Zausner is an owner, officer, or manager of First Universal. In connection with the matters alleged herein, he transacts or has transacted business in this District. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of First Universal, including the acts and practices set forth in this complaint.

9. Defendant David J. Feingold ("Feingold") is an officer and manager of First Universal. In connection with the matters alleged herein, he transacts or has transacted business in this District. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of First Universal, including the acts and practices set forth in this complaint.

## COMMERCE

10. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

11. Since at least 2008, Defendants, acting alone or in concert with others, have engaged in a course of conduct to advertise, market, offer to sell, and sell to homeowners throughout the United States mortgage loan modification and foreclosure relief services.

12. Defendants market their services to homeowners who are in financial distress, delinquent on their mortgage loans, or in danger of losing their homes to foreclosure.

13. Defendants initially contact consumers by telephoning homeowners who Defendants have reason to believe are facing mortgage rate resets, delinquency, and/or foreclosure. Defendants represent, expressly or by implication, that they will reduce homeowners' mortgage interest rates and/or loan amounts, saving homeowners thousands of dollars.

14. Defendants typically promise consumers that they will negotiate with consumers' mortgage lenders to modify consumers' mortgage loans and make their payments substantially more affordable.

15. In numerous instances, Defendants tell consumers that they will obtain a loan modification within a specified period of time, typically no more than a few months.

16. Defendants also use the Internet to market their loan modification services and foreclosure relief services. Some consumers found Defendants' website, www.firstuniversallending.com, while searching the Internet for help. Others were directed by

Defendants to the website. The website described services that clients can expect from a "typical program." The website told consumers that a typical program includes the following services:

> We contact your present lender/credit companies and/or loan servicing company to determine who is responsible for making loan modification decisions.
>
> We prepare a package for the loan modification personnel of your lender/credit company to convince them to re-negotiate your present loan terms.
>
> We then negotiate an agreement on new loan terms and if all parties agree we then get the documents for you to review.
>
> We evaluate the new terms and confer with you on the new payment to help determine if this program is acceptable for you and the amount of potential savings to you.
>
> We then try to get you a better loan.

17. Defendants' website made the following claims to consumers with regard to loan modification and renegotiation services:

> Services made available to clients include the following:

Complete legal services available from in house legal staff including contract drafting and negotiations for clients desiring legal representation.

Complete loan restructuring services which assist clients to renegotiate existing loan relationships in an attempt to create new and more affordable loan transactions.

18. After initial contact with homeowners, Defendants' send a package of marketing materials to homeowners including material titled in bold large lettering "Loan and Workout Program."

19. Also contained in the package sent to consumers is a "Contract to Employ," wherein Defendants promise to perform the following services on behalf of consumers:

**(1) negotiate with third parties on behalf of Client in order to cause said third parties to settle certain disputes relating to monies owed by client;**

**(2) restructure loans related to Client;**

**(3) obtain further extensions of credit on behalf of Client;**

**(4) obtain loans on behalf of Client;**

**(5) oversight of an account set up on behalf of Client for the purpose of setting aside funds to settle claims.**

20. Defendants charge homeowners between $199 and $7,000 in up-front fees.

21. In most instances, Defendants encourage consumers to stop paying their

mortgages, telling consumers that delinquency will demonstrate the consumers' hardship to the lender and make it easier to obtain a loan modification. In some instances, Defendants advise consumers that lenders will not negotiate unless the consumers are at least a few months delinquent in their mortgage payments. In some instances, Defendants advise consumers not to contact their lenders.

22. In most instances, after homeowners pay Defendants' fee or part thereof, Defendants fail to answer or return homeowners' telephone calls or to provide updates about the status of Defendants' purported communications with the homeowners' lenders. In numerous instances, Defendants misrepresent that negotiations are proceeding smoothly. In some instances, Defendants represent that lenders are the cause for delay.

23. In most instances, Defendants fail to obtain mortgage loan modifications. In some instances, consumers learn from their lenders that Defendants have not contacted the lender or that Defendants have had only minimal, non-substantive contacts with the lender. Some consumers who pay for Defendants' services have been able to obtain mortgage loan modifications and avoid foreclosure only through their own efforts and not because of any service provided by Defendants.

**VIOLATIONS OF SECTION 5 OF THE FTC ACT**

24. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

25. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

**COUNT ONE**

26. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of mortgage loan modification or foreclosure relief services, Defendants have represented, directly or indirectly, expressly or by implication, that Defendants will obtain for consumers mortgage loan modifications, in all or virtually all instances, that will make their mortgage payments substantially more affordable.

27. In truth and in fact, Defendants do not obtain for consumers mortgage loan modifications, in all or virtually all instances, that will make their mortgage payments substantially more affordable.

28. Therefore, Defendants' representation as set forth in Paragraph 26 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**VIOLATIONS OF THE TELEMARKETING SALES RULE**

29. Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S. C. §§ 6101 - 6108, in 1994. The FTC adopted the original Telemarketing Sales Rule in 1995, extensively amended it in 2003, and amended certain sections thereafter.

30. Defendants are "sellers" or "telemarketers" engaged in "telemarketing," as defined by the TSR, 16 C.F.R. § 310.2(z), (bb), and (cc).

31. The TSR prohibits sellers and telemarketers from misrepresenting, directly or by implication, in the sale of goods or services any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer. 16 C.F.R. § 310.3(a)(2)(iii).

32. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**COUNT TWO**

33. In numerous instances, in the course of telemarketing loan modification or foreclosure relief services, Defendants have misrepresented, directly or indirectly, expressly or by implication, material aspects of the performance, efficacy, nature, or central characteristics of the loan modification and foreclosure relief services they sell, including that Defendants will obtain for consumers mortgage loan modifications, in all or virtually all instances, that will make their mortgage payments substantially more affordable.

34. Defendants' acts or practices, as described in Paragraph 33 above, violate Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii).

**CONSUMER INJURY**

35. Consumers throughout the United States have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the TSR. In addition, the Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

**THIS COURT'S POWER TO GRANT RELIEF**

36. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable

jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

37. Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the TSR, including the rescission or reformation of contracts, and the refund of money.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Federal Trade Commission, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action, and to preserve the possibility of effective final relief, including, but not limited to, temporary and preliminary injunctions, appointment of a receiver over the corporate Defendant, immediate access to records, and an order freezing assets;

B. Enter a permanent injunction to prevent future violations of the FTC Act and the TSR by Defendants;

C. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the TSR, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

D. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: November 18, 2009

Respectfully submitted,

WILLARD K. TOM
General Counsel

GIDEON SINASOHN
Special Florida Bar No. A55001392

HAROLD E. KIRTZ
Special Florida Bar No. A5500743

Attorneys for Plaintiff
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
(404)656-1366 (Sinasohn)
(404) 656-1357 (Kirtz)
(404) 656-1379 (Fax)
gsinasohn@ftc.gov
hkirtz@ftc.gov

JS 44 (Rev. 2/08) **09-82322**

FILED by RGS D.C.
NOV 1 9 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Federal Trade Commission **Sealed**

**DEFENDANTS**
Zausner, Sean; Zausner, David; Feingold, David, J.

(b) County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gideon E. Sinasohn
225 Peachtree Street, NE
Atlanta, GA 30303
(404) 656-1366

Attorneys (If Known)

**CIV-ZLOCH**

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ✓ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**ROSENBAUM**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

✓ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
■ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

✓ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ✓ NO b) Related Cases ☐ YES ✓ NO
JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:
Defendants' practices violate Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § U.S.C. 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce, and the FTC's
LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Preliminary Injunction
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ✓ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD [signature]
DATE November 9, 2009

FOR OFFICE USE ONLY
AMOUNT ______ RECEIPT # ______ IFP ______