UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,      CIVIL ACTION NO.  09-82322-civ-ZLOCH

        Plaintiff,

vs.

FIRST UNIVERSAL LENDING, LLC,
    et al.

        Defendants.

MOTION FOR PROTECTIVE ORDER

Plaintiff Federal Trade Commission ("FTC") respectfully moves this Court pursuant to Rule 26(c) F.R.Civ.P. for a Protective Order that Defendants not be permitted to call attorneys for Plaintiff, the Federal Trade Commission Gideon E. Sinasohn and Harold E. Kirtz to testify at a Preliminary Injunction hearing at 10:15 a.m. on December 8, 2009. As grounds therefore, Plaintiff states as follows:

Plaintiff commenced an action on November 18, 2009, by filing its COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF in the United States District Court for the Southern District of Florida against Defendants First Universal Lending, LLC ("First Universal"), Sean Zausner, David Zausner, and David J. Feingold. Case Number 09-82322.  The action was filed pursuant to Section 5 of the Federal Trade Commission Act, 15 U.S.C. 45, et seq. and the Telemarketing Sales Rule.  Attorneys Gideon E. Sinasohn and Harold

1

E. Kirtz are counsel of record in the matter.  They are each from the Southeast Regional Office of the Federal Trade Commission assigned to and entered of record in the matter.

On Monday, December 7, 2009, after the Court adjourned a Preliminary Injunction hearing, counsel for Defendants notified Plaintiff that Defendants intended to call them each as witnesses at the continuation of the Preliminary Injunction the following day.

> **A.   Defendants have made no offer of proof that either Mr. Sinasohn or Mr. Kirtz can provide any unprivileged information that has a tendency to prove or disprove a material fact in this case.**

This action by Defendants and their co-Defendant/counsel is the latest in a line of tactics designed to force Plaintiff into distracting the Court's focus away from the central factual issue of the case:  Did Defendants promise to obtain for consumers mortgage loan modifications to make their loan payments substantially more affordable in all or virtually all instances and then not provide such loan modifications in all or virtually all instances and thereby violate Section 5 of the FTC Act and the Telemarketing Sales Rule?

Defendants take this step, which is clearly in bad faith and is intended to harass, annoy, embarrass, or oppress Plaintiff and its attorneys, especially since Defendants have made no offer of proof that either Mr. Sinasohn or Mr. Kirtz have any unprivileged personal knowledge of any material fact that tends to prove or disprove any material fact in this case.  It is the type of activity that the Court should prohibit by entering a protective order.  As

noted in <u>Marco Island Partners v. Oak Development Corp.</u>, "[i]t seems particularly appropriate to exercise this discretion when a party seeks to depose its opponent's attorney.  Such a deposition provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." 117 F.R.D. 418 (N.D.Ill. 1987).  <u>See also</u> <u>In re Arthur Treacher's Franchisee Litigation</u>, 92 F.R.D. 429 (E.D. Pa. 1981) (noting merit in the claim that the motivation underlying the notice of deposition and subpoena of opposing counsel was harassment where the subpoena in effect called for the production of counsel's entire file).

In addition, the testimony of either Mr. Sinasohn or Mr. Kirtz can in no way be considered reasonably calculated to lead to the discovery of admissible, relevant, non-privileged evidence.

Rule 26(b)(3) F.R.Civ.P. provides, in pertinent part, as follows:

> [A] party may obtain discovery of documents . . . otherwise discoverable . . . and prepared in anticipation of litigation or for trial . . . by or for that other party's representative (including the other party's attorney . . . ) <u>only</u> upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case <u>and</u> that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials <u>when the required showing has been made</u>, the court shall protect against disclosure of the mental impressions, conclusions, opinion, or legal theories  of an attorney . . . concerning the litigation.   (Emphasis added)

Defendants have made no showing of "substantial need." Moreover, to the extent that Defendants inquire into the opinions or strategies

3

of Plaintiff's attorneys or their communications with the Federal Trade Commission, those impressions, strategies, and communications would be privileged attorney work product or non-discoverable pursuant to the government agency deliberative process privilege. See <u>FTC vs. Warner</u>, 742 F.2d 1156, (9th Cir., 1984).

Likewise, the testimony Mr. Sinasohn and Mr. Kirtz would be able to give at any hearing would be either privileged or irrelevant to the issues in the complaint.  The deliberative process privilege and Rule 26(c)(3) preclude them from testifying at all.  As to any information that might arguably be relevant, Mr. Sinasohn and Mr. Kirtz could testify only to those non-privileged factual matters that have already been addressed by the other witnesses at the Preliminary Injunction hearing.  Anything else Mr. Sinasohn and Mr. Kirtz could say would include only their mental impressions, conclusions, opinions, or legal theories, all of which are protected from disclosure by Rule 26(b)(3), or would be protected by the deliberative process privilege.  Finally, it is clear from Mr. Feingold's flamboyant, yet irrelevant opening statement that any information Defendants would seek from Mister Sinasohn and Mr. Kirtz is not relevant to the issues currently set for trial in this matter.

> **B. The Court should not allow Defendants to use the Court as a weapon to work substantial hardship upon Plaintiff.**

The Rules of Professional Conduct, applicable to attorneys practicing before this Court, provide that:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness *on behalf of the client* except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (4) disqualification of the lawyer would work substantial hardship on the client.[1]

In this case, disqualifying either Mr. Sinasohn or Mr. Kirtz would work a substantial hardship on the Plaintiff.  The Plaintiff has invested much time and effort and many resources through the efforts of Mr. Sinasohn and Mr. Kirtz in gathering evidence and bringing this matter to Court in order to protect consumers across the United States whom Defendants systematically bilk and scam by falsely promising that Defendants will obtain mortgage loan modifications that will make their mortgage payments substantially more affordable in all or virtually instances.

---

[1] Rule 4-3.7(a), **Rules** Regulating The Florida Bar (emphasis added).  The Comment to this Rule notes that the problem "can arise whether the **lawyer** is called as a **witness** on **behalf** of the **client** or is called by the opposing party."  Comment, Rule 4-3.7, **Rules** Regulating the Florida Bar (emphasis added).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order disallowing the testimony of Mr. Sinasohn and Mr. Kirtz or, if the Court, in its discretion, allows such testimony, to disallow Defendants to use such testimony to disqualify Mr. Sinasohn and Mr. Kirtz from representing the Plaintiff.

Respectfully submitted,

  /s/Gideon E. Sinasohn
Gideon E. Sinasohn
Special Florida Bar No. A55001392

Harold E. Kirtz
Special Florida Bar No. A5500743

Attorneys for Plaintiff
225 Peachtree Street, Suite 1500
Atlanta, GA  30303
(404) 656-1366 (Sinasohn)
(404) 656-1357 (Kirtz)
(404) 656-1379 (Fax)
gsinasohn@ftc.gov
hkirtz@ftc.gov


FEDERAL TRADE COMMISSION,     CIVIL ACTION NO.  09-82322-civ-ZLOCH

            Plaintiff,

vs.

FIRST UNIVERSAL LENDING, LLC,
     et al.

            Defendants.

CERTIFICATE OF SERVICE

    I certify that a copy of the Plaintiff's Motion for a Protective Order was served upon Defendants, First Universal Lending, LLC, Sean Zausner, David Zausner, and David Feingold, by hand-delivering to David Zausner, as counsel for Defendants and by delivery through the Electronic Court Filing system of the Middle District of Florida.

    Respectfully submitted,

     /s/Gideon E. Sinasohn
    Gideon E. Sinasohn
    Special Florida Bar No. A55001392

    Harold E. Kirtz
    Special Florida Bar No. A5500743

    Attorneys for Plaintiff
    225 Peachtree Street, Suite 1500
    Atlanta, GA  30303
    (404) 656-1366 (Sinasohn)
    (404) 656-1357 (Kirtz)
    (404) 656-1379 (Fax)
    gsinasohn@ftc.gov
    hkirtz@ftc.gov