**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

FIRST UNIVERSAL LENDING, LLC, a limited liability company,

SEAN ZAUSNER, individually and as owner, officer, or manager of First Universal Lending, LLC,

DAVID ZAUSNER, individually and as owner, officer, or manager of First Universal Lending, LLC, and

DAVID J. FEINGOLD, individually and as officer or manager of First Universal Lending, LLC,

Defendants.

**Case No. 09-82322-CIV-ZLOCH**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, the Federal Trade Commission ("FTC"), hereby submits its opposition to Defendants' Motion to Dismiss the Complaint with Prejudice. The FTC's Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction in this matter, and the Complaint sufficiently alleges consumer harm and damage. Accordingly, Defendants' motion should be denied.

**I. *The FTC's claims are sufficiently stated.***

Defendants move to dismiss the FTC's Complaint for a) Failure to State a Cause of Action and b) Lack of Subject Matter Jurisdiction.[1] [2] [3] In support of their Motion, Defendants argue that the Complaint lacks, *inter alia*, a definition of deception; lacks any example of injury; and lacks a factual basis.[4] Defendants cite no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, required in the FTC's Complaint. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what

---

[1] Defendants move to dismiss the Complaint for failure to state a cause of action. Fed. R. Civ. P. 12(b)(6) provides that a party may assert a defense by motion for "failure to state a claim upon which relief can be granted."

[2] Defendants mistakenly refer to Fed. R. Civ. P. 12(b)(5) - insufficient service of process, but make no reference to any deficiency regarding service of process throughout their Motion.

[3] Defendants list of hodgepodge of ostensible grounds for dismissal on page 2 of their Motion, arguments to which are subsumed under the headings contained herein.

[4] It appears that Defendants' Motion should correctly be titled a "Motion for a More Definite Statement."

the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *accord Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted). The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g.*, *Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

Here, the FTC's Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendants and how those actions are wrongful.

It describes in more than necessary detail the facts that the Defendants market, offer to sell, and sell to homeowners throughout the United States mortgage loan modification and foreclosure relief services. (Compl. ¶ 11); and market their services to homeowners who are in financial distress, delinquent on their mortgage loans, or in danger of losing their homes to foreclosure. (Compl. ¶ 12).

It describes how Defendants contact consumers (Compl. ¶ 13); Defendants' representations to consumers (Compl. ¶¶ 13, 14, 15, 16); Defendants' website claims (Compl. ¶ 17); Defendants' package of marketing materials sent to homeowners (Compl. ¶¶ 18,19); the amount of consumer injury and other activities that put consumers at further risk and disadvantage. (Compl. ¶¶ 20 through 23, and 35). It also describes Defendants' failure to keep their promises. (Compl. ¶¶ 23).

Finally, the Complaint clearly puts Defendants on fair notice of the charges against them. Specifically, the Complaint charges that Defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) by misrepresenting, directly or indirectly, expressly or by implication, that Defendants will obtain for consumers mortgage loan modifications, in all or virtually all instances, that will make their mortgage payments substantially more affordable.
The Complaint also charges that Defendants violated Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii) by misrepresenting, directly or indirectly, expressly or by implication, material aspects of the performance, efficacy, nature, or central characteristics of the loan modification and foreclosure relief services they sell, including that Defendants will obtain for consumers mortgage loan modifications, in all or virtually all instances, that will make their mortgage payments substantially more affordable.

## II. *The Court has subject matter jurisdiction.*

The Court has subject matter jurisdiction, despite Defendants' claim to the contrary. In *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003), the Eleventh Circuit cautioned

> "that the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.' Garcia,* 104 F.3d at 1261 (emphasis added). If a jurisdictional challenge does implicate the merits of the underlying claim then: [T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place great restrictions on the district court's discretion....
> *Id.* (quoting *Williamson v. Tucker,* 645 F.2d 404, 415-16 (5th Cir.1981)"

Normally, the question of jurisdiction and the merits of an action will be considered intertwined where, as here, "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* at 926 quoting *Sun Valley Gasoline, Inc. v. Ernst Enters.,* 711 F.2d 138, 139-40 (9th Cir.1983). In the case at bar, Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) ("FTC Act") and the Telemarketing Act, 15 U.S. C. §§ 6101 - 6108 ("TSR") provide the bases for the subject matter jurisdiction of this Court and the FTC's substantive claim for relief. Under the FTC Act, the FTC is "empowered and directed to prevent persons, partnerships, or corporations, except banks, savings and loan institutions described in section 57a(f)(3) of this title . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce," while

the TSR prohibits "abusive and deceptive telemarketing acts or practices."

Defendants are not "banks, savings and loan institutions," or any other entity exempt from the FTC Act or the TSR. In its Final Amended Rule,[5] the FTC promulgated the latest version of the TSR on January 29, 2003. In response to challenges from banking institutions seeking to exempt banks and loan institutions from the rule, the rule sets forth definitions of banks and loan institutions as those terms are relevant in this matter.

In discussing the Amended Rule's Scope of Regulations, the FTC discussed the reasons why entities like the Defendants in this case are not exempt from either the TSR or the FTC Act and noted

> "that, from the inception of the Rule, the Commission has asserted that parties acting on behalf of exempt organizations are not thereby exempt from the FTC Act, and thus, for example, 'a nonbank company that contracts with a bank to provide telemarketing services on behalf of the bank is covered' by this Rule. This reading is consistent with the Commission's long-standing interpretation of the scope of its authority under the FTC Act, as well as with judicial precedent. Furthermore, the Commission's authority was clarified in § 133 of the Gramm-Leach-Bliley Act ("GLBA"), which states that "[a]ny person that . . . is controlled directly or indirectly . . . by . . . any bank . . . ([as] defined in section 3 of the Federal Deposit Insurance Act) and is not itself a bank . . . shall not be deemed to be a bank . . . for purposes of any provisions applied by" the FTC under the FTC Act. Most recently, a federal district court held that, under this language, the Rule applies to telemarketing by a mortgage subsidiary of a national bank. As the court stated, "the definition of 'bank' identified by Congress simply does not include the subsidiaries of banks."[6]

---

[5] 68 FR 4580-01, 2003 WL 179638 (F.R.).

[6] *Minnesota v. Fleet Mortgage Corp.*, 181 F. Supp. 2d 995 (D. Minn. 2001) (noting that the applicable definition under the Federal Deposit Insurance Act ("FDIA") is "any national

The Commission also explained that it

> "believes it is unnecessary to state in the Rule what is already plain in the Telemarketing Act, i.e., that its jurisdiction for purposes of the TSR is coterminous with its jurisdiction under the FTC Act, and therefore declines to include an express statement of this fact in the Rule. Further, the Commission declines to adopt the interpretation of some commenters that the FTC Act itself exempts non-bank entities based on their affiliation with or provision of services to exempt banks, and the recommendations of those commenters who sought an exemption from the Rule for bank subsidiaries or agents. To do so would be contrary to the Commission's interpretation of its jurisdictional boundaries, and would unnecessarily limit the reach of the Rule."

In discussing their supposedly exempt status as a banking[-type] institution, Defendants attempt to bolster their argument by falsifying the outcome of a case to mislead the Court. Defendants cite *The Broadcast Team, Inc. v. Federal Trade Commission*, 429 F.Supp.2d 1292, 1298 (M.D. Fla. 2006) for the proposition that the "U.S. District Court for the Middle District of Florida halted the FTC from a similar overreach of power."[7] In that case, however, contrary to the Defendants' misrepresentations, the Court granted the FTC's Motion to Dismiss, dismissed The Broadcast Team's Complaint, and ordered the clerk to close the case.

The FTC Act and the TSR provide the bases for both the subject matter jurisdiction of this Court and the FTC's substantive claim for relief and these issues are therefore intertwined. Because the Court's jurisdiction and the merits of the action are intertwined, the Defendants' jurisdictional challenge implicates the FTC's causes of action, and the proper course is for the Court to find that jurisdiction exists.

---

bank, State bank, District Bank, and any Federal branch and insured branch" citing FDIA, 12 U.S.C. 1813(a)(1)(A)).

[7] Defendants' Motion to Dismiss, page 8.

## III. *The FTC has alleged actual harm.*

As stated above, the FTC's Complaint alleges consumer harm and injury in paragraphs 20 through 23, and 35.

## IV. *Conclusion.*

In short, the FTC's Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendants fair notice of the charges against them and the grounds therefor. Discovery and argument will add further detail later; in fact, much additional supporting factual material was provided by Plaintiff in materials filed for the Temporary Restraining Order and during the Preliminary Injunction hearing. This Court has subject matter jurisdiction in this matter. Additionally, the FTC has sufficiently alleged harm. Accordingly, for the reasons set forth herein, the FTC respectfully requests that the Court deny Defendants' Motion to Dismiss the Complaint with Prejudice.

Dated: December 24, 2009

Respectfully submitted,

/s/Gideon E. Sinasohn

GIDEON E. SINASOHN
Special Florida Bar No. A55001392

HAROLD E. KIRTZ
Special Florida Bar No. A5500743

Attorneys for Plaintiff
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
(404)656-1366 (Sinasohn)
(404) 656-1357 (Kirtz)
(404) 656-1379 (Fax)
gsinasohn@ftc.gov
hkirtz@ftc.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 24, 2009, I electronically filed the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss the Complaint with Prejudice with the Clerk of the Southern District of Florida using the CM/ECF system, which will send notice of electronic filing to the following:

**David Jon Feingold**
Feingold & Kam LLC
5100 PGA Boulevard
2nd Floor
Palm Beach Gardens, FL 33418
561-630-6727X205
561-630-8936 (fax)
david@fkfirm.com

**Jane W. Moscowitz**
MOSCOWITZ, & MOSCOWITZ, P.A.
Mellon Financial Center
1111 Brickell Avenue
Suite 2050
Miami, Florida 33131
Telephone: 305-379-8300
Facsimile: 305-379-4404
Email: jmoscowitz@mmmpa.com

Dated: December 24, 2009

Respectfully submitted,

/s/ Gideon E. Sinasohn, Esq.
GIDEON SINASOHN
Special Florida Bar No. A55001392