UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-82322-CIV-ZLOCH

FEDERAL TRADE COMMISSION,

   Plaintiff,

     v.

FIRST UNIVERSAL LENDING, LLC, a limited liability company,

SEAN ZAUSNER,

DAVID ZAUSNER,

DAVID J. FEINGOLD,

   Defendants.

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR STAY

COMES NOW Defendants, by and through undersigned counsel, FIRST UNIVERSAL LENDING, LLC, a limited liability company, SEAN ZAUSNER, DAVID ZAUSNER, and DAVID J. FEINGOLD, and file this Reply to Plaintiff's Opposition to Stay of Civil Action and state the following in support thereof:

### I.  INTRODUCTION

Defendants filed a Motion to Stay pending the Interlocutory Appeal of this matter on February 5, 2010 [D.E # 82]. The issues on appeal encompass questions of law and fact based on the Complaint [D.E. #3] by the FTC, the proceedings at the Preliminary Injunction Hearing held December 7- December 11, 2009, and any and all subsequently filed papers and pleadings

1

submitted by the Plaintiff.

In particular, an appeal has been filed which, if granted, will divest this Court of Jurisdiction and forever bar the injunction issued in this Court. The grounds for the Appeal are as follows:

1. The Preliminary Injunction Order is too broad as it enjoins entities that were never named as parties and three (3) individuals to which no direct testimony or evidence was offered at the Hearing;
2. The FTC submitted false evidence that the District Court unknowingly relied upon in reaching its decision;
3. The FTC's allegations were against separate branch offices of FUL, yet the District Court entered its Preliminary Injunction Order as if the branch offices and FUL were one and the same;
4. The three (3) individual Appellants were enjoined for deceptive sales practices whereby no direct testimony or evidence was ever presented at the Preliminary Injunction Hearing that said individuals were actively participating in the sales operations;
5. The FTC's success in obtaining a preliminary injunction against First Universal Holdings, an entity not named in this action, permitted the FTC to regulate the practice of law, as First Universal Holdings performed outsourced legal work for law offices;
6. The FTC's investigation into the Appellants was trivial, inconsequential, and rudimentary, yet the FTC was able to Obtain a temporary restraining order that effectively shut down First Universal Holdings before the Preliminary Injunction took place;
7. The District Court failed to include findings of fact and conclusions of law in its Preliminary Injunction Order, and only issued the same (S.D. Fla. D.E. 65) *after* the Notice of Interlocutory Appeal was filed (S.D. Fla. D.E.59), and it still respectively failed to make any actual findings of fact and conclusions of law as the law requires;
8. By issuing its Preliminary Injunction Order the District Court concluded that the Appellants had failed to modify loans as allegedly promised to consumers, however, the Court never approached or made any determination whatsoever regarding what is considered a failure versus a success in the accomplishment of modifying a loan.

Hence, if the Court does not stay this case then there will be the likely result of a trial taking place and then after the trial, the Appeals Court will issue a ruling indicating that the injunction was error and this Court did not ever have jurisdiction for this matter or even a trial.

The Supreme Court has noted in <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56 (1982), that a district court and appeals court should not assert simultaneous jurisdiction when the appeals court ruling could dismiss the district case. Such is the set of circumstances

in the present pending matter.

This Reply is being filed in response to Plaintiff's Opposition to Stay pending the resolution of the Interlocutory Appeal [D.E. 87]. Defendants assert that Plaintiff's Opposition fails to cite any applicable or binding law, or any persuasive support of any kind. Therefore, Plaintiff has failed to present an argument as to why this case should not be stayed pending the Interlocutory Appeal [D.E. # 59], rather Plaintiff has just issued denials. Additionally, the Plaintiff's Opposition relies on the Court's purported findings of facts and law in the Preliminary Injunction Order [D.E. # 53]; however, Plaintiff violated the Southern District of Florida's Local Federal Rules by failing to submit a proposed draft to Defendants to review before submitting the Order to the Judge to sign. Consequently, because Plaintiff's Opposition to Defendants' Motion to Stay pending Interlocutory Appeal is entirely deficient, Defendants pray this Honorable Court Grant Defendants' Motion to Stay, and state the following in support thereof:

## II. MEMORANDUM OF LAW

Plaintiff's Opposition to Defendants' Motion to Stay Pending Defendants' Interlocutory Appeal wholly fails to address or rebut any of the Defendants' arguments. Rather, Plaintiff's motion appears to be only a lackadaisical attempt to misdirect this Court.

First, Plaintiff's introduction to their Motion in Opposition cites the Order granting the Preliminary Injunction; however, Plaintiff purposefully violated the Southern District of Florida's Local Rules, when it failed to afford the Defendants the opportunity to review the proposed drafted Order before ultimately submitting the Order to the Judge. Because Plaintiff failed to submit a draft to Defendants, the Order contains several misstatements and conclusions that were not supported by the record.

Plaintiff then relies on Florida Businessmen for Free Enterprise v. City of Hollywood, 648 F.2d 956 (5th Cir. 1981), stating a four pronged test. Defendants point out that the issue under review in Businessmen is whether the enforcement of an ordinance, being challenged as unconstitutional, should be enjoined pending the resolution of the appeal. Thus, the Appellants in that case moved for a stay of the Order upholding the ordinance. In determining whether a stay of the Order to enforce the questioned ordinance was appropriate the Court announced a four prong test:

> 1) the likelihood that the moving party will ultimately prevail on the merits of the appeal; 2) the extent to which the moving party would be irreparably harmed by the denial of the stay; 3) the potential harm to opposing parties if the stay is issued; and 4) the public interest.

Defendants maintain that the facts of Businessmen are wholly unique from the facts *sub judice*; Defendants are not challenging the constitutionality of the FTC Act or TSR. Neither are the Defendants seeking a stay from an order upholding any established law, act, or ordinance. Rather, Defendants' Motion for Stay is based solely on matters raised in the Interlocutory Appeal, summarized above, and therefore Defendants reassert that McFarlin v. Conseco Services, LLC, 381 F.3d 1251 (11th Cir. 2004), Blinco v. Green Tree Servicing, 366 F.3d 1249 (11th Cir. 2004) and Griggs v. v. Provident Consumer Discount Co., 459 U.S. 56, 58; 103 S.Ct. 400, Sup.Ct., (1982) set the binding precedent for this Honorable Court when adjudicating Defendants' Motion to Stay Pending the Appeal.

However, in an abundance of caution, Defendant will address the four prong test announced in Businessmen. Defendants have shown a high likelihood of success of the Appeal. The appeal, filed under separate cover, addresses several issues with well founded case law in support of Defendants' positions. Furthermore, other issues raised, satisfy the standard

4

articulated in McFarlin and transcend inspection of the facts of this case, and proffer far reaching and epochal issues, e.g. when does a loan modification attempt end.  Secondly, the Defendants stand to suffer substantial and irreparable harm by being forced, with assets frozen, to defend an entire lawsuit perhaps through trial, which could potentially be dismissed by the Federal Court of Appeals or have issues of law interpreted in such a way that would negate any order issued by this Court.

Additionally, as discussed in Defendants' Motion to Dismiss [D.E. #53], Defendants will be severely handicapped in matters of discovery.  Plaintiff has, and continues to fail to define the conclusory language found in Plaintiff's complaint.  As such, without clear parameters as to what constitutes a successful modification, when a modification attempt fails, what comprises the harm Plaintiff is alleging, what ratio of customers to modifications would satisfy the FTC, etc., the Defendants cannot even maintain a foothold to focus their discovery or strategy when defending this case.  In short, the issues as presented by the Plaintiff, couched in vague and conclusory language, render the justiciable issues in this case too nomadic for the Defendants to be given a fair trial. Therefore, once the issues have been resolved by the Appellate Court, and only then, can Defendants be offered a true trial on the merits.

Next, the potential harm to the opposing party is minimal. The appeal *inter alia*, raises issues that will affect all 118 suits filed by the FTC for corporations in the mortgage modification industry nationwide, thus Plaintiff stands to benefit from resolution of the issues on appeal.  The Court of Appeals will assist in defining the parameters of several of the determinative issues at the heart of this case and all similar actions.  Furthermore, Plaintiff has frozen all the assets of the Defendants, and the subject business activities have ceased, consequently any harm alleged by the FTC for a delay pending the appeal, would be nonexistent.  Finally, the public interest

does not support the FTC spending time, effort, and tax payer dollars to prosecute an action that could be drastically altered or wholly dismissed based on the Defendants' pending Interlocutory Appeal and/or Motion to Dismiss.

In Plaintiff's Opposition, Plaintiff responds to Blinco v. Green Tree Servicing, LLC., 366 F.3d 1249 (C.A. 11 2004) calling the Defendants misguided.  However, Defendants clearly do not rely on Blinco's procedural posture or underlying merits.  Blinco was cited to this Court merely to show the Eleventh Circuit's adoption of Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58; (1982).  Consequently, despite Plaintiff's attempt to trivialize the holding in Blinco, attempting to limit it to only matters of pending arbitrations, it was the Supreme Court of the United States in Griggs that, upon reviewing an appeal of an Order granting a *Motion for Summary Judgment*, held:

> A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal

Aside from the attempt to misalign the Court's concentration from the above-cited binding holding, Plaintiff has failed to cite any countervailing arguments that would provide this Honorable Court an avenue to deny Defendants' Motion to Stay Proceedings Pending the Interlocutory Appeal.

Additionally, Plaintiff's Opposition repeatedly attacks Defendants' credibility and makes derogatory comments indicating that Defendants will dissipate funds or destroy evidence. However, Plaintiff does not, because it cannot, cite a single example to support these baseless accusations.  In fact, on the contrary to Plaintiff's uncorroborated claims, Defendants cannot dissipate assets because Plaintiff has frozen Defendants' assets. Defendants cannot destroy

6

evidence because at the inception of this suit, Plaintiff downloaded all of the Defendants' hard drives, and confiscated any and all physical documents from Defendants' place of business. Defendants have been complicit to each and every request by this Court.

Plaintiff next asserts the proposition that the stay should be denied because there is a possibility that Witnesses may become unavailable or their memories may begin to fade.  The Plaintiff relies on dictum in SEC v. Incendy, 936 F. Supp. 952, 956 (S.D. Fla 1996).  Defendants acknowledge this possibility in every case, and note there are several alternative methods to counteract this occurrence, e.g. having the witnesses write memos.  This danger should not take precedence over the rights of the Defendants, or outweigh the substantial prejudice Defendants will suffer if Defendants are forced to defend a case that may significantly change or be dismissed altogether.  Furthermore, as Plaintiff asserts, this case is premised on these witnesses' irreparable harm as alleged, it is plausible they should be able to recall the material events.

Yet again, Plaintiff tries to obfuscate this Court by citing unrelated case law in a listless attempt to bolster Plaintiff's position.  The Incendy case is neither binding nor persuasive. The case addresses the issue of a stay, when the sole basis for the stay is Defendant's Fifth Amendment concerns presented by his contemporaneous civil and criminal cases.  The facts of Incendy are clearly inapplicable here. Moreover, the dictum cited by Plaintiff is ineffectual. The Court should note that the quote offered by the Plaintiff is immediately juxtaposed by cases where the court must move expeditiously because there are misbranded drugs on the market, or misinformation disseminated that will deceive investors. Id. at 1062, citing *U.S. v. Kordel*, 397 U.S. 1 (1970) and *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C. Cir. 1980), respectively. Thus, the opinion and dicta in Incendy offer nothing to this Honorable Court, as Defendants' Motion for Stay is based on the well founded Interlocutory Appeal, and there exists no

7

immediate, imminent threat to the public that would prevent the stay.

Plaintiff also states that a delay would hamper its ability to engage in discovery and obtain relief for discovery. This proposition seems incredulous. Plaintiff has had unbridled access to all of Defendants' computers and documents since the inception of this lawsuit. Plaintiff has frozen assets of the entire amount of damages they stated in their complaint. The business has ceased and no other harm is present, nor are there any other assets being generated that could add to the existing pool of assets currently frozen by Plaintiff. Therefore, Plaintiff cannot plausibly be hampered in discovery, nor hampered in its ability to relieve victims. In the event that Plaintiff is successful on the merits it has already obtained control over the entirety of Defendants' assets.

Finally, Plaintiff capriciously injects alleged quotes from harmed consumers in an attempt to illustrate the harm Plaintiff claims. The quotes are unauthenticated and do not cite any source. The first quote, from Johnny Bryant, seems to imply that Defendants are responsible for the individual nearly getting divorced. The second witness, Abel Garcia, just simply offers a confession that he did not pay his mortgage for eleven months, while neglecting the fact that his lender had the right to foreclose and sell his home after the first delinquent month. The harm complained of by the two consumers purportedly quoted in Plaintiff's Opposition do not converge to a single quantifiable harm. Further, taken separately, neither consumer's complaint is aligned to the harm Plaintiff alleges in its complaint. Conversely, the quotes from the consumers in Plaintiff's Opposition actually emphasize the ambiguities noted in Defendants' Appeal. It appears that yet again, Plaintiff presents itinerant issues, loosely founded on inadmissible supporting documents (hearsay quotes, mischaracterized summarizations of quotes, and Google searches, etc.), making it utterly impossible for Defendants to present a case.

### III. Conclusion

Plaintiff's arguments fail to move the burden that this case should not be stayed pending the appeal. Plaintiff's Opposition fails to cite binding or even applicable law, or any persuasive support of any kind. Plaintiff has failed to present any grounds as to why this case should not be stayed pending the Interlocutory Appeal. Defendants reassert that McFarlin v. Conseco Services, LLC, 381 F.3d 1251 (11th Cir. 2004), Blinco v. Green Tree Servicing, 366 F.3d 1249 (11th Cir. 2004) and Griggs v. v. Provident Consumer Discount Co., 459 U.S. 56, (1982) set the binding precedent that require this Honorable Court to grant Defendants' Motion for Stay Pending the resolution of the Interlocutory Appeal. As such, without clarification of the issues discussed above, the Defendants cannot maintain a foothold to focus their discovery or strategy when defending this case, and will continue to suffer irreparable harm.

Wherefore Defendants again pray that this Honorable Court grant Defendants' Motion to Stay pending the resolution of the Interlocutory Appeal.

Respectfully Submitted,

  s/ David J. Feingold\_\_\_\_\_
David J. Feingold, Esquire
FBN: 0892823
Attorney for Defendants
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: david@fkfirm.com

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF on this 26th day of February, 2010 to: GIDEON SINASOHN, ESQ. and HAROLD E. KIRTZ, ESQ., Federal Trade Commission, 225 Peachtree Street, Suite 1500, Atlanta, Georgia 30303.

        s/ David J. Feingold
David J. Feingold, Esquire
FBN: 0892823
Attorney for Defendants
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: david@fkfirm