UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>     v.<br><br>FIRST UNIVERSAL LENDING, LLC, a limited liability company,<br><br>SEAN ZAUSNER, individually and as owner, officer, or manager of First Universal Lending, LLC,<br><br>DAVID ZAUSNER, individually and as owner, officer, or manager of First Universal Lending, LLC, and<br><br>DAVID J. FEINGOLD, individually and as officer or manager of First Universal Lending, LLC,<br><br>Defendants. | **Case No. 09-82322-CIV-ZLOCH** |

### MOTION FOR PROTECTIVE ORDER REGARDING CLIENTS OF FEINGOLD & KAM, L.L.C. AND TO QUASH AN UNKNOWN NUMBER OF SUBPOENAS AND/OR MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S COUNSEL, GIDEON SINAHSOHN, AND REQUEST FOR A FULL EVIDENTIARY HEARING

COMES NOW, Counsel for the Defendants in the above captioned matter, and files this Motion for Protective Order pursuant to Federal Rules of Civil Procedure 26(c) and Southern District Court of Florida Local Rule 26 H (3) to ensure protection of Defendants' Counsel's non-party clients from Plaintiff's clandestine attempts to embarrass, humiliate, intimidate, harass, and/or invade client(s) privacy. More particular grounds in support of this motion are set forth in the following Memorandum.

1

**I. INTRODUCTION:**

In a most appalling and unsettling discovery, it has come to the attention of the Defendants' retained counsel, that Plaintiff's counsel has abused the Federal Rules of Civil Procedure and violated the Professional Rules of Conduct. The Law Office of Feingold & Kam ("F&K") has been retained by the Defendants to defend them in the above captioned matter pursuant to an investigation by the FTC. In an underhanded and clandestine fashion, Plaintiff's Counsel, Mr. Gideon Sinasohn, has *ex parte* obtained the bank records of F&K, presumably through an un-noticed subpoena, and used the records to contact the represented clients of F&K. Moreover, Plaintiff's counsel contacted F&K's clients who are in no way involved in the above-captioned matter. Counsel then interrogated the clients regarding the nature and scope of their relationship with F&K violating the most sanctimonious tenet of the legal profession: Attorney-Client privilege. It is believed that Counsel used his affiliation with the Federal Trade Commission to intimidate, and essentially extort sensitive information from these clients regarding their hiring of F&K. Mr. Sinasohn is a lawyer for the FTC and is well aware that the persons he contacted were represented clients of F&K and he interviewed clients without notice to their attorneys and specifically inquired about their communications with F&K. Counsel's reproachable conduct:

1. Caused a breach of attorney-client privilege of parties not involved in any way to the above captioned lawsuit;
2. Violated ABA Model ethical rules;
3. Violated Federal Law;
4. Violated Florida State Law;
5. Violated Florida's Professional Rules of Conduct forbidding *ex parte* communications

with persons known to be represented by counsel;

6. Derisively disregarded Federal Rules of Civil Procedure 45(b)(1), and 45(c)(3);

7. Violated Southern District of Florida Local Rule 26(F)

8. Violated well established Florida case law;

9. Violated all standards of professional courtesy by furtively avoiding any attempt to notify F&K of his actions; and

10. Caused irreparable harm to F&K.

F&K and F&K's clients have each suffered irreparable harm resulting from Plaintiff's conduct. Counsel is believed to have intentionally engaged in an invasion of privacy of F&K's clients, breached attorney-client privilege and confidentiality, influenced negative client relations between F&K and its clients, and caused irreparable harm to the good name and reputation to the firm. Counsel's impetuous conduct, has effectively destroyed F&K's good name and reputation that it has taken this firm seventeen (17) years of practice, and hundreds of clients to earn. F&K's reputation had been built by its outstanding professionalism, results, and involvement as a benefactor to its local and global community and has been grown strictly on word-of-mouth referrals. In a moment, by his contempt of the Federal Rules, well established law, and the Professional Rules of conduct, counsel has sinisterly and intentionally undermined F&K and significantly jeopardized the future of the firm.

## II. MEMORANDUM OF LAW

Plaintiff obtained the bank records of F&K, presumably through un-noticed subpoenas and then contacted F&K clients directly to interview them. The Southern District of Florida's Local Rules 26(F) state "a party may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). The Scheduling Conference in

the above-captioned matter has not been filed nor fully discussed. Therefore Plaintiff is in clear violation of these rules, and Plaintiff's subpoenas or any other document collection demands must be quashed. Furthermore, the information Plaintiff attained by violating Federal rules must be sequestered. To prevent a spread of this "fruit from the poisonous tree", so to speak, Mr. Gideon Sinasohn must be ordered to attend a deposition, and this Court must allow a full evidentiary hearing regarding the findings pursuant to the improper document collection and illegal *ex parte* communications.

Additionally, according to Federal Rules of Civil Procedure 45(b)(1), notice of a subpoena must be served on each party to allow the party ten (10) days to object. In the case at bar, Plaintiff has not complied with this Federal Rule and has provided absolutely no notice of any subpoenas to F&K.

Plaintiff's counsel specifically questioned F&K's clients about the nature and scope of the legal matters for which they have employed F&K. Plaintiff's counsel was clearly aware that these clients had legal representation; he had contacted them for that very reason. Plaintiff's counsel then proceeded to ask the clients intimate questions about privileged and confidential information and cases. Plaintiff's counsel misinformed clients that F&K had been sued, and used his status as an agent of the Federal Trade Commission to intimidate clients into answering his questions.

In Florida Media, Inc., v. World Publications, LLC, (236 F.R.D. 693, 695 (M.D. Fla. 2006) the Court held subpoenas issued by plaintiff's counsel to non-parties were void and unenforceable for failure to give prior notice to defendant by serving opposing counsel with the subpoenas. Succinctly, the Court granted Defendants motion to quash all subpoenas because "Plaintiff was obligated to give prior notice to Defendant by serving opposing counsel with

4

subpoenas. He failed to do so, and his subpoenas are void and unenforceable."

Plaintiff's counsel in the above captioned case has engaged in a tactic identical to counsel in Florida Media, and the result should be the same as well, quashing the surreptitious subpoenas or document collection efforts. However, Defendants' counsel implores this Court to take further action as Plaintiff's conduct in this case goes far beyond that contemplated in Florida Media. In the case at bar, counsel predatorily contacted clients of F&K to slander and sabotage the firm. Further, Plaintiff's counsel specifically questioned the clients about the legal issues and representation of matters the clients had confided to F&K.

Florida Professional Rule of Conduct 4-4.2 prohibits an attorney's communication with a person represented by counsel, stating: "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer." The Supreme Court of Florida does not tolerate willful and blatant rule violations, like the violations perpetrated by Plaintiff's counsel. Florida Bar Ethics Opinion 90-4 (July 15, 1990) specifically addresses the fact that Florida Rule 4-4.2 applies to all Florida Attorneys, including governmental agency attorneys. The opinion further states that because this rule has been adopted by all districts of Florida, it is considered Federal Law. Therefore, Plaintiff's counsel is not exempt from Professional Rule of Conduct 4-4.2, which has been adopted as federal law, and counsel has clearly violated the rule by intentionally contacting persons counsel knew to be represented by an attorney. Furthermore, the contact was done intentionally and has caused substantial and irreparable harm to the F&K. F&K therefore requests the opportunity to depose Plaintiff's counsel, and have a full evidentiary hearing, as well as all other remedies this Court may deem proper. The full extent of Plaintiff's counsel's conduct must be identified as he has intentionally caused the violation of one of the most sacred tenets of the attorney-client

relationship.

In The Florida Bar v. Feinberg, 760 So.2d 933, (Fla. 2000), the Supreme Court of Florida sought sanctions and a three (3) year suspension of a government attorney who had *ex parte* communications with a person known to be represented by counsel, and engaged in other deceitful conduct. In Feinberg, the subject attorney met with a defendant, without the presence of his attorney and discussed pertinent details of the case. The Supreme Court advocated a three (3) year suspension for an attorney who violates rules 4-4.2 and 4-4.8. Id at 938 (although due to extraordinary mitigating circumstances the attorney was only publicly reprimanded).

The Supreme Court of Florida also adjudicated in Feinberg that any violation of rule 4-4.2 entails a violation of rule 4-4.8. Rule 4-4.8 prohibits knowing violation of the rules, and any dishonesty, deceit, or misrepresentation. Plaintiff's counsel has clearly violated both 4-4.2 and 4-4.8. Plaintiff's counsel in this case intentionally sought out persons known to be represented by counsel and asked them about that representation. Furthermore, Plaintiff's counsel misrepresented to those persons that F&K had been sued. Finally, Plaintiff deceitfully engaged in this unethical conduct by failing to properly notice subpoenas or document collection efforts in accord with Federal Law.

Additionally, making Plaintiff's counsel's conduct in this instance, particularly unpalatable, some of the clients he chose to interview are involved in adoption proceedings. The Florida legislature has gone to exhaustive lengths to make the adoption process as confidential and secure as possible. It is clear from the legislative intent articulated in Fla. Stat. §63.022(j) the Legislature places a strong emphasis on the parties' privacy rights. The statute makes all records of all proceedings concerning custody and adoption confidential and exempt from usual recording and disclosure requirements. Additionally, Fla. Stat. §63.162(1) requires hearings to be

held in closed court barring admittance of any persons not necessary to the hearing and (2) requires all information pertaining to the adoption be kept confidential and only for inspection upon order of the court. Finally, the Legislature reaches beyond Fla. Stat. §63 and once again takes every necessary precaution to keep children's privacy rights confidential in Fla. Stat. §39.0132(4)(a)1.: stating all information is confidential and not to be disclosed to anyone other than authorized personnel. Therefore, Plaintiff's counsel has violated, or, has caused F&K's clients to violate Florida law and clear Legislative intent, by seeking disclosure of highly confidential case information without prior approval from the Court. Plaintiff's counsel has sought to embarrass those that wanted their adoptions private and their adoptions have nothing to do with this case. Plaintiff took this action to cause harm to the law firm that is strenuously fighting it in this case. This tactic is underhanded and cannot be tolerated.

### III. CONCLUSION

To allow Plaintiff counsel's gross misconduct to go unchecked would impugn the entire Federal Trade Commission, all federal agencies, and the entire Court System. Therefore, Defendants' Counsel respectfully requests a protective order and discovery of Mr. Sinasohn so that further sanctions can be sought against Mr. Sinasohn.

Respectfully Submitted,

__s/ David J. Feingold_____
David J. Feingold, Esquire
FBN: 0892823
Attorney for Defendants
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: david@fkfirm.com

**Certificate of Compliance with Local Rule 7.1**

Counsel for Defendants has attempted to confer with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion, but the parties have not been able to reach agreement.

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF on this 1st day of March, 2010 to: GIDEON SINASOHN, ESQ. and HAROLD E. KIRTZ, ESQ., Federal Trade Commission, 225 Peachtree Street, Suite 1500, Atlanta, Georgia 30303.

                                           \_\_s/ David J. Feingold_____
                                           David J. Feingold, Esquire
                                           FBN: 0892823
                                           Attorney for Defendants
                                           Feingold & Kam
                                           5100 PGA Boulevard
                                           Second Floor
                                           Palm Beach Gardens, FL 33418
                                           Phone: (561) 630-6727
                                           Fax: (561) 630-8936
                                           Email: david@fkfirm