UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-82322-CIV-ZLOCH-ROSENBAUM

FEDERAL TRADE COMMISSION,

   Plaintiff,

     v.

FIRST UNIVERSAL LENDING, LLC,
SEAN ZAUSNER, DAVID ZAUSNER,
and DAVID J. FEINGOLD,

   Defendants.

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER OF NON-PARTY'S, MIRANDA R. JOHNSTON'S, DEPOSITION AND/OR, IN THE ALTERNATIVE, MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM**

COMES NOW, by and through their undersigned counsel, Defendants, SEAN ZAUSNER ("S. Zausner"), DAVID ZAUSNER ("D. Zausner"), and DAVID J. FEINGOLD ("Feingold")(collectively, "Defendants"), hereby file this Motion for Protective Order of Non-Party's, Miranda R. Johnston's, Deposition and/or, in the alternative, Motion to Quash Plaintiff's Subpoena *Duces Tecum* by the Plaintiff, FEDERAL TRADE COMMISSION ("FTC" or "Plaintiff"), and state the following in support thereof:

**I. SUMMARY OF ARGUMENT**

Plaintiff's counsel intentionally (i) unilaterally scheduled, (ii) a second (2nd) deposition of non-party witness Miranda Johnston, (iii) just one (1) day prior to Defendants' oral argument before the Eleventh Circuit for the appeal stemming from the instant matter (D.E. 59), (iv) without serving notice upon the Defendants as required by S.D. Fla. L.R. 26.1(j), (v) without

1

seeking leave of Court to re-depose Ms. Miranda Johnston, and (vi) even if the Plaintiff were to seek leave of Court [which has not occurred] the re-deposing of Ms. Johnston would be entirely inconsistent with the requirements of Fed.R.Civ.P. 26(b)(2).

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) explicitly provides that "A party must obtain leave of court [if] … **the deponent has already been deposed in the case**."[1] (Emphasis added). Fed.R.Civ.P. 30(a)(2)(A)(ii). As described in the February 15, 2010 Report of the Receiver (D.E. 83-3), "Ms. [Miranda] Johnston's [a non-party] deposition was taken on Monday, February 1, 2010, commencing at around 2:30 pm." *Id*. at p. 1. In addition to the Receiver, Ms. Jane Moscowitz, Esq., and the Receiver's counsel, Ms. Tama Kudman, Esq., being present at the deposition, a member of Feingold & Kam's legal staff was present[2] [on behalf of the Defendants] and the FTC's lead counsel, Mr. Gideon Sinasohn, Esq., was also present.

The deposition lasted several hours on February 1st, 2010, and both Plaintiff's and Defendants' counsel(s) were given *ample* opportunity to ask questions of the deponent, Ms. Johnston (the "Deponent"). Significant time and expense were allocated to the attendance of Ms. Johnston at the February 1st deposition wherein the FTC's lead counsel was present, and in fact flew in from Atlanta, Georgia [at taxpayer expense] specifically for the purpose of attending the Deponent's deposition. Mr. Sinasohn was involved in the scheduling of the Deponent's deposition, was noticed well in advance of the February 1st deposition, and had ample opportunity to prepare for and ask questions of the Deponent.

---

[1] The Plaintiff served Ms. Johnston with the unilaterally scheduled deposition notice on November 4, 2010 (attached hereto as, Exhibit "A"). If the parties have not stipulated to re-deposing the witness, then the principles set forth in Fed.R.Civ.P. 26(b)(2)(C) must be applied, and the party seeking the deposition [i.e. Plaintiff] must seek leave of court. *Arugu v. City of Plantation*, 2010 WL 2609394, *1 (S.D. Fla., June 27, 2010)(Court denied plaintiff's motion to re-depose because the plaintiff was found to have had an "ample opportunity to obtain the information by discovery in the action").

[2] Mr. Adam Schloss, Esq.

2

Hence, permitting the Plaintiff to now *re-depose* Ms. Johnston would be unreasonably duplicative and the burden or expense related to re-deposing Ms. Johnston would far outweigh the benefit. *See*, *Arugu*, 2010 WL 2609394 at *3. In the instant matter, the Court must grant the instant protective order as the Plaintiff **has failed to seek leave of Court** as the federal rules so require, and moreover, the Court should deny Plaintiff's surely forthcoming motion for leave to depose Ms. Johnston as dictated by Fed.R.Civ.P. 26(b)(2). Lastly, it is abundantly clear the Plaintiff's *unilaterally* scheduled *second* deposition of Ms. Johnston, which was *not* noticed to the Defendants as required by S.D. Fla. L.R. 26.1(j), was tactically scheduled in bad faith just one (1) day prior to Defendants'[/Appellants'] oral argument before the U.S. Court of Appeals for the Eleventh Circuit in Miami, Florida stemming from the Defendants' appeal of the Court's Preliminary Injunction Order in this matter. (*See*, D.E. 59). Consequently, the Court should grant the Deponent's Motion for Protective Order as the deposition appears to have been scheduled to interfere with Defendants' preparation for the appeal and would require unnecessary travel the day before the appeal. The reason why the Plaintiff unilaterally set this deposition should now be abundantly clear.

## MEMORANDUM OF LAW

### II. ARGUMENT

In June of this year U.S. Magistrate Judge Robin S. Rosenbaum of the U.S. District Court for the Southern District of Florida stated in *Arugu*: "[I]f parties were routinely allowed to re-depose witnesses who had previously been deposed to completion, the result would be a system where a party would conduct preliminary depositions to 'test the waters', and then follow up with further research. After reviewing the research, a party could then review the deposition testimony and use that testimony to fashion a line of questioning for a second deposition. The

Court … [believes] … that this type of procedure would be unfair to the parties and would result in inefficient litigation of claims … [T]hen any party who, due to oversight or otherwise, failed to research the background of a deponent or failed to obtain relevant documents necessary to depose the witness, could re-depose the witness contending that the evidence was not previously known to counsel.  Such a system would punish the well-prepared and reward the ill-prepared, thereby encouraging, or at least condoning, such lawyering.  As a result, witnesses would be inconvenienced more and discovery would become more expensive." *Arugu v. City of Plantation*, Case No. 09-61618-CIV, 2010 WL 2609394, *4 (S.D. Fla., June 27, 2010).

As previously referenced, the Court should grant the instant Motion for Protective Order as Plaintiff's counsel intentionally (i) unilaterally scheduled, (ii) a second (2nd) deposition of non-party witness Miranda Johnston, (iii) just one (1) day prior to Defendants' oral argument before the Eleventh Circuit for the appeal stemming from the instant matter (D.E. 59), (iv) without serving notice upon the Defendants as required by S.D. Fla. L.R. 26.1(j), (v) without seeking leave of Court to re-depose Ms. Miranda Johnston, and (vi) even if the Plaintiff were to seek leave of Court [which has not occurred] the re-deposing of Ms. Johnston would be entirely inconsistent with the requirements of Fed.R.Civ.P. 26(b)(2).

    **A.**    <u>**FTC's Unilateral Scheduling of Second Deposition of Non-Party Witness Without Providing Notice to Defendants and Without Leave of Court**</u>

    1. <u>Unilateral Scheduling of Deposition and Failure to Notice Defendants</u>.

The Local Rules for the U.S. District Court for the Southern District of Florida apply in all civil proceedings, including the present matter.  Said Local Rules not only dictate that counsel desiring to schedule a deposition in a civil matter must seek to confer with counsel for the opposing party to coordinate the date and location, but perhaps more significantly, the party

seeking to schedule a deposition must provide reasonable notice to the opposing party. *See*, S.D. Fla. L.R. 26.1(j). Excepting where the parties have stipulated otherwise [which did not occur], "a party desiring to take [a] deposition within this State of any person upon oral examination shall give at least seven (7) days notice in writing to every other party to the action…" *Id*. While the FTC did provide proper notice to the Deponent, the FTC failed to *ever* provide *any* notice to the Defendants as required by S.D. Fla. L.R. 26.1(j). In fact, based upon the fact that the deposition was unilaterally scheduled for November 17th, it is now impossible for the Plaintiff to provide the mandatory notice to the Defendants, and thus the unilaterally scheduled deposition cannot proceed on those grounds alone.

2. <u>Second Deposition of Ms. Johnston Without Seeking Leave of Court</u>.

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) explicitly provides that "A party must obtain leave of court [if] … **the deponent has already been deposed in the case**." (Emphasis added). Fed.R.Civ.P. 30(a)(2)(A)(ii). As confirmed by the Report of the Receiver, "Ms. Johnston's deposition was taken on Monday, February 1, 2010, commencing at around 2:30 pm." (D.E. 83-3, p. 1). By way of background, Ms. Johnston supervised the back-office staff at Defendants' Palm Beach Gardens, Florida office which included assigning files, negotiating mortgages, interacting with clients, and supervising files. The Receiver's three (3) page summary of Ms. Johnston's deposition describes with specificity the range of questions and issues that were discussed during the Deponent's *first* deposition, which included, *inter alia*: (i) current employment status; (ii) background and personal situation including marital status, education, children, etc.; (iii) questions relating to First Universal Holdings, LLC's ("FUH") law firm partners including the Marucci Law Firm and Finley & Bologna; (iv) questions relating to former First Universal Lending, LLC ("FUL") files; (v) current and past job responsibilities; (vi)

5

former FUL and FUH employees; (vii) client payment arrangements; (viii) FUL responsibilities versus current job responsibilities; (ix) the Defendants' role, involvement, and communications with Ms. Johnston while employed by FUL and/or FUH; (x) the corporate structure of FUL and FUH; (xi) legal issues relating to servicing FUL and FUH clients; (xii) mortgage modifications and individual client files; (xiii) Stratton & Feinstein, Finley & Bologna, and Marucci Law Firm; (xiv) the Deponent's authority, procedure, and resources to negotiate on behalf of clients; (xv) questions relating to FUH's sales; (xvi) logistics of the FUL to FUH transition; (xvii) all duties relating to back-office specialists and number of client files handled, etc.; (xviii) Ms. Johnston's background in the mortgage industry; (xix) Ms. Johnston's use and understanding of Salesforce, Calyx, and Point; and (xx) Ms. Johnston's role as supervisor at FUL and/or FUH. It is difficult to image what line of questioning was not already addressed at the February 1st, 2010 deposition.

As the Honorable Magistrate Judge Rosenbaum provided in *Arugu*, it would inconvenience witnesses, cause the costs of discovery to skyrocket, and reward ill-prepared attorneys if counsel could "test the waters" with a preliminary deposition and then later on after further research was performed, fashion a line of questioning for a second deposition. *Arugu*, 2010 WL 2609394 at *4. This is precisely what the FTC is attempting to do in this situation, attempting to mislead the Court – indicating by its actions that since the Receiver, not the FTC, scheduled the first deposition, that this second deposition is the *FTC's* first. That is simply not the law and Plaintiff's counsel is or should be knowledgeable of this fact. The critical point to recognize is that Plaintiff's lead counsel, Mr. Sinasohn, helped to coordinate scheduling and was present at Ms. Johnston's first deposition, had ample notice of said deposition, and had ample opportunity to both prepare for and ask questions of the Deponent on February 1st, 2010. Consequently, the Plaintiff is obligated to seek leave of Court to inconvenience and add undue

expense in deposing Ms. Johnston for a second time in this case. For that reason, the Court must grant the instant protective order pending Plaintiff's filing of a motion for leave of Court.

### a. Federal Rule of Civil Procedure 26(b)(2)(C) Controls.

It is highly likely that upon the filing of the instant motion, the FTC will seek leave of Court to depose Ms. Johnston for a second time. Accordingly, the principles set forth in Fed.R.Civ.P. 26(b)(2) control in such a situation. *See*, *Arugu*, 2010 WL 2609394 at *3. Rule 26(b)(2)(C) states that discovery should be limited if the Court determines that the requested discovery is "(i) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought; *or* (iii) the burden or expense of the proposed discovery outweighs the likely benefit." *Id*. The Advisory Committee Notes to Rule 30(d) make clear that the party seeking a court order to extend a deposition or otherwise alter the limitations must show good cause to justify such a court order. *See*, Advisory Committee Note to 2000 Amendment to Fed.R.Civ.P. 30(d). In *Arugu*, the Court denied plaintiff's request to re-depose a witness because the plaintiff had already had "ample opportunity to obtain the information by discovery in the action." *Id*.

i. The Court must deny Plaintiff's request to re-depose the Deponent pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i) as a second deposition would certainly be unreasonably cumulative and duplicative of the first deposition. As described above, the line of questioning at the first deposition more than sufficiently addressed every aspect of the Deponent's personal life, employment with the Defendants, and all matters and issues relating to the instant litigation that Ms. Johnston has any knowledge of. Additionally, the FTC recently took the deposition(s) of both Mr. Sean Zausner and Mr. David Zausner [FUL's/FUH's principals] on October 19th and 20th [respectively] who are a more convenient, less burdensome, and less expensive source for the same information that Ms. Johnston could provide to the Plaintiff. Notwithstanding the fact that the Plaintiff has already deposed the Defendants and had ample opportunity to question Ms. Johnston at the first deposition, there is simply no additional information that Ms. Johnston could even provide. A second deposition will simply be a duplicative

recitation of the same facts that were divulged the first time around.  Consequently, the Plaintiff has had ample opportunity to obtain the information sought from the Deponent through discovery in this action and the Plaintiff has certainly failed to demonstrate any good cause to alter the limitations set by Fed.R.Civ.P. 30(a)(2)(A)(ii).

ii. The Court must deny Plaintiff's request to re-depose the Deponent pursuant to Fed.R.Civ.P. 26(b)(2)(C)(ii) as the Plaintiff has had ample opportunity to obtain the information sought through discovery in this matter through its depositions of the Defendants, appearance and ample opportunity to ask questions at Deponent's first deposition, through the testimony at the preliminary injunction hearing, through the discovery documents that the Plaintiff seized from Defendants' offices, and through the other forms of discovery that have taken place in this litigation.  It is nothing more than an abusive, costly, and inconvenient action to seek to re-depose Ms. Johnston.

iii. The Court must deny Plaintiff's request to re-depose the Deponent pursuant to Fed.R.Civ.P. 26(b)(2)(C)(iii) as the burden or expense of re-deposing Ms. Johnston significantly outweighs any likely benefit.  The FTC has already had ample opportunity to obtain the information that would be sought in a second deposition and decided not to ask questions of the Deponent when it had ample opportunity to do so at the first deposition.  Ms. Johnston is a working mother who had already given up an entire work day to attend a deposition and should not be inconvenienced or burdened with having to appear again for the same line of questioning relating to information that the FTC can, and has, already obtained through other forms of discovery.

### III. CONCLUSION

WHEREFORE, Defendants respectfully requests this Honorable Court to grant Defendants' Motion for Protective Order of Non-Party's, Miranda R. Johnston, Deposition and/or, in the alternative, Motion to Quash Plaintiff's Subpoena Duces Tecum, and for such further relief as this Court deems just and proper.

Dated: November 16th, 2010

Respectfully Submitted,

_s/ David J. Feingold_____
David J. Feingold, Esq.
FBN: 0892823
Attorney for Defendants
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: david@fkfirm.com

## Certificate of Compliance with Local Rule 7.1

I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so and/or has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion, but has been unable to do so.

___s/ David J. Feingold_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF and U.S. Mail on this 16th day of November, 2010 to: GIDEON SINASOHN, ESQ. and HAROLD E. KIRTZ, ESQ., Federal Trade Commission, 225 Peachtree Street, Suite 1500, Atlanta, Georgia 30303.

_s/ David J. Feingold_____
David J. Feingold, Esq.
FBN: 0892823
Attorney for Defendants
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: david@fkfirm.com