**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 09-82322-CIV-ZLOCH/ROSENBAUM**

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

**v.**

**FIRST UNIVERSAL LENDING, LLC,
a limited liability company;
SEAN ZAUSNER, individually and
as owner, officer, or manager of
First Universal Lending, LLC;
DAVID ZAUSNER, individually and
as owner, officer, or manager of
First Universal Lending, LLC; and
DAVID J. FEINGOLD, individually and
as officer or manager of First Universal
Lending, LLC,**

        **Defendants.**

_____/

**ORDER**

This matter is before the Court upon Defendants' Motion to Enjoin Prosecution [D.E. 170].

The Court has carefully reviewed Defendants' Motion [D.E. 170], Plaintiff's Response [D.E. 177],

and the record and finds it necessary to hold an evidentiary hearing on **Thursday, January 13, 2011,**

**at 10:00 a.m.**, regarding the following issues raised by Defendants' pending Motion:

**1.  The Content of the Lost Records**

      A.      Specifically, what information was contained within the lost records?

      B.      Do any other sources for any of this information currently exist?

      C.      If not, is the lost information necessary to (1) Defendants' defense to Plaintiff's

claims, and (2) Defendant's proposed counterclaims?  Why?

**2.  Bad Faith or Mistake?**

    A.    Who on behalf of Plaintiff Federal Trade Commission ("FTC") instructed the FTC's independent contractor regarding which computer records to image?

    B.    What instructions did the FTC provide to the FTC's independent contractor regarding which computer records to image?

    C.    What, in fact, did the FTC's independent contractor image?  Why did it not image anything else?

    D.    Was the FTC ever under the impression that all of the computers had been imaged?  If so, how did it develop that impression?  Why did Liggins think that all of the computers had been imaged?

    E.    Did anyone at the FTC or the FTC's independent contractor, even mistakenly, ever advise or otherwise give the Receiver or any of her agents the impression that all computers had been imaged?  If so, what were the circumstances?

    F.    When the computers were returned to the law firm, what specifically was the law firm told with respect to its options regarding the computers?

    G.    Did anything prevent the law firm from making copies of any of the information contained on any of the returned computers?  If so, what?

All parties shall be prepared to present evidence regarding these issues during the hearing.  The

Court will also hear argument at that time, should the parties wish to offer it.

**DONE AND ORDERED** this 28th day of December 2010.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch
       Counsel of Record