UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-82322-CIV-ZLOCH/ROSENBAUM

**FEDERAL TRADE COMMISSION,**

   **Plaintiff,**

v.

**FIRST UNIVERSAL LENDING, LLC,**
a limited liability company;
**SEAN ZAUSNER, individually and**
as owner, officer, or manager of
First Universal Lending, LLC;
**DAVID ZAUSNER, individually and**
as owner, officer, or manager of
First Universal Lending, LLC; and
**DAVID J. FEINGOLD, individually and**
as officer or manager of First Universal
Lending, LLC,

   **Defendants.**
_____/

**ORDER**

  This matter is before the Court upon Defendants' Motion for Protective Order. *See* D.E. 183. In their pending Motion, Defendants seek a protective order precluding the currently scheduled depositions of Gail Finch, Douglass Campion, Jim Robinette, and the "person most knowledgeable regarding corporate Defendant's bookkeeping and accounting records." *See id.* In support of their Motion, Defendants complain that Plaintiff Federal Trade Commission ("FTC") unilaterally set the depositions in question, and further, that the FTC provided notice of these depositions during "holiday time" when defense counsel's offices were closed.

  In response, the FTC first asserts that "despite [defense counsel's] that he did confer or made

reasonable efforts to confer" with the FTC before filing his Motion, in fact, the FTC never received any form of communication from defense counsel prior to the filing of the pending Motion. D.E. 187. Indeed, the FTC suggests, had defense counsel engaged in the pre-filing conference required by this Court's Local Rules, the FTC would have been amenable to re-scheduling the depositions for January 11 and 12. *Id.*

Local Rule 7.1, S.D. Fla., requires counsel to "make reasonable efforts to confer (orally or in writing), with all parties . . . who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." Its mandate is not optional. Local Rule 7.1 serves many purposes, including the goal of avoiding unnecessary expenditure of judicial resources resolving motions that can be addressed without the need for the Court's intervention. *See also Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, ___ F. Supp. 2d ___, 2010 WL 3994002 (S.D. Fla. Sept. 28, 2010) (Goodman, M.J., explaining the requirements of Local Rule 7.1 and the purposes behind it).

Furthermore, as Local Rule 7.1(a)(3), S.D. Fla., specifies, "Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction . . . ." Because the Court cannot condone the failure to confer – especially when counsel has represented that such a pre-filing conference has occurred, the Court

hereby **DENIES** Defendants' Motion for Protective Order.[1]

**DONE AND ORDERED** this 4th day of January 2011.

                                                       ROBIN S. ROSENBAUM
                                                       UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch
        Counsel of Record

---

[1] The Court will not, however, impose monetary sanctions at this time because the conduct about which Defendants' Motion complains is similarly circumscribed by this Court's Local Rules. Appendix A, Section I.A.(2) of the Local Rules, S.D. Fla., provides, "*Scheduling*. A lawyer shall normally attempt to accommodate the calendars of opposing lawyers in scheduling discovery." Similarly, Appendix A, Section II.A.(1) of the Local Rules, S.D. Fla., states, "*Scheduling*. A courteous lawyer is normally expected to accommodate the schedules of opposing lawyers. In doing so, the attorney can either pre-arrange a deposition, or notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling . . . ."