UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-82322-CIV-ZLOCH/ROSENBAUM

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

FIRST UNIVERSAL LENDING, LLC,
a limited liability company;
SEAN ZAUSNER, individually and
as owner, officer, or manager of
First Universal Lending, LLC;
DAVID ZAUSNER, individually and
as owner, officer, or manager of
First Universal Lending, LLC; and
DAVID J. FEINGOLD, individually and
as officer or manager of First Universal
Lending, LLC,

    Defendants.
_____/

## ORDER

    This matter is before the Court on Plaintiff's Motion to Strike Defendants' Demand for a Jury Trial ("Motion to Strike") [D.E. 139], pursuant to an Order of Referral from the Honorable William J. Zloch. [D.E. 172]. After careful review of the Motion to Strike, Defendants' Omnibus Response in Opposition ("Response") [D.E. 141], and the case file, the Court grants the Motion to Strike.

### *BACKGROUND*

    This case began as a civil enforcement action brought by Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") against Defendants First Universal Lending, LLC ("FUL"), Sean Zausner, David Zausner, and David Feingold ("Feingold") (collectively referred to as "Defendants"). More

specifically, on November 18, 2009, the FTC brought an action against Defendants pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, in relation to Defendants' allegedly deceptive practices, misrepresentations, and abusive telemarketing in connection with their offerings of mortgage loan modification and foreclosure rescue services. *See* D.E. 1, 160. The Complaint seeks injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' alleged acts "in connection with the marketing and sale of mortgage loan modification and foreclosure relief services." *See* D.E. 1 at 2.

In response, Defendants filed an Answer, asserting numerous affirmative defenses. D.E. 138. In their prayer for relief, among other things, Defendants demanded a jury trial. *Id.* at 4.

Plaintiff then filed a Motion to Strike Defendants' Demand for Jury Trial, arguing that the FTC is seeking equitable relief only against Defendants and that no right to a jury trial exists in an action for equitable relief. D.E. 139. In their Response, Defendants assert three arguments. First, Defendants claim Plaintiff failed to confer with them before filing the otion. D.E. 141 at 2-3. Second, Defendants argue that they have asked for leave to amend their Answer to add counterclaims and that they are seeking relief that would entitle them to a jury trial. *Id.* at 3-4. Third, Defendants opine that the FTC is seeking money damages against them, making trial by jury appropriate. *Id.* at 4. The Court considers each argument in turn.

## DISCUSSION

Defendants first contend that Plaintiff's Motion to Strike should be denied because Plaintiff filed it without initially conferring with Defendants. D.E. 141 at 2-3. Rule 7.1(a)(3) of the Local

Rules of the Southern District of Florida makes clear that, prior to filing a motion in a civil case, the movant must confer, or make a reasonable effort to confer, with opposing counsel to attempt to resolve the issues raised in the motion. S.D. Fla. L.R. 7.1(a)(3). In furtherance of this requirement, the movant must certify at the end of each motion compliance with the rule. *Id.*

Plaintiff did not include this certificate in its Motion. Almost one month later, after Defendants filed their Response to Plaintiff's Motion to Strike, however, Plaintiff did file a certificate of good-faith conference stating that the parties were unable to resolve the issues through conference. *See* D.E. 142.

Filing a certificate of good-faith conference almost four weeks after filing the motion to which it pertains does not comply with the rule; for that reason alone, this Court could decide not to consider Plaintiff's Motion. The purpose of the rule, however, is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently. Although the Court does not condone Plaintiff's actions and cautions Plaintiff from filing motions in the future without certifying that it has attempted to resolve the issue through conference with Defendants, judicial efficiency dictates that we consider the Motion to Strike, as it would undoubtedly be refiled were we to dismiss it, since Plaintiff has now filed a Certificate stating that it has been unable to resolve through conference the issue raised by the Motion.

In addition to their Local Rules argument, Defendants also assert that the pending Motion is moot, as they have filed a motion seeking leave to add a counterclaim and third-party claims and that these claims would require a jury trial. D.E. 141 at 3-4. I have since recommended that the Court deny Defendants' Motion [D.E. 190], and Defendants have filed a Notice of Non-Objection [D.E. 191], ironically rendering moot Defendants' mootness argument.

Therefore, the Court turns to Defendants' substantive argument against Plaintiff's pending Motion. In this respect, Defendants contend that Plaintiff is seeking money damages and that entitles Defendants to a trial by jury. D.E. 141 at 4. The Seventh Amendment to the United States Constitution provides for a right to a jury trial in all suits at common law, where the amount in controversy exceeds twenty dollars. U.S. Const. amend. VII. Before a court may decide whether a particular case is encompassed by the Seventh Amendment, the statute at issue must be examined to determine whether Congress intended to grant a right to a jury trial. *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999).

A review of the FTC Act[1] reveals that it does not expressly confer a right to a jury trial. Thus, the issue must be resolved through a two-pronged constitutional and historical inquiry. *Monterey*, 526 U.S. at 708. First, the court must decide whether the cause of action was tried at law, rather than equity, at the time the Seventh Amendment was adopted, "or is at least analogous to one that was."[2] *Id.* Second, the court must determine whether the relief sought is "legal or equitable in nature." *Id.* at 723 (Scalia, J., concurring). The second stage of the inquiry is more important than the first. *Granfinancieri, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). The right to a jury trial exists only if the action and remedies are legal in nature *and* trial by jury would "preserve the substance of the common-law right as it existed in 1791." *Monterey*, 526 U.S. at 723 (citing *Markman v. Westview Instruments*, 517 U.S. 370, 376 (1996)).

---

[1] 15 U.S.C. §§ 41-58.

[2] The Supreme Court has long held that "suits at common law" include "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999) (emphasis in original).

Thus, the main focus of the inquiry regards whether the FTC is seeking legal or equitable relief against Defendants. Plaintiff's Complaint requests injunctive relief, recission or reformation of contracts, restitution, the refund of monies paid, and disgorgement of ill-gotten monies. Injunctions and restitution represent traditional forms of equitable relief. *See Mertens v. Hewitt Associates*, 508 U.S. 248, 255 (1993).

Nevertheless, Defendants argue that, pursuant to *Waldrop v. Southern Co. Serv., Inc.*, 24 F.3d 152 (11th Cir. 1994), Plaintiff is also seeking monetary damages, thereby converting the suit into an action seeking both legal and equitable relief. While *Waldrop* does note that money damages represent the traditional form of legal relief, *id.* at 157, it further provides that "the primary exception to the general rule is that damages are equitable when 'they are restitutionary, such as in actions for disgorgement of improper profits.'" *Id.* Here, restitutionary damages are precisely what Plaintiff is seeking. "That the Defendants may ultimately be liable in terms of money does not convert the matter into a suit at law." *FTC v. Think All Publishing*, L.L.C., 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008). A wealth of other case law recognizing that the Seventh Amendment does not confer a right to jury trial in lawsuits brought under Section 13(b) of the Federal Trade Commission Act likewise supports this conclusion. *See, e.g.*, *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 67 (2d Cir. 2006); *FTC v. N.E. Telecomm., Ltd.*, 1997 WL 599357, *1 (S.D. Fla. June 23, 1997); *FTC v. Seismic Entm't Prods., Inc.*, 441 F. Supp. 2d 349, 353 (D.N.H. 2006). As a result, the Court finds that as the case is currently pled, Defendants do not enjoy a right to a jury trial.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike

Defendants' Demand for Jury Trial [D.E. 139] is **GRANTED.**

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 18th day of February 2011.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:  Honorable William J. Zloch
     Counsel of Record