**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FIRST UNIVERSAL LENDING, LLC, a limited liability company,<br><br>SEAN ZAUSNER, individually and as owner, officer, or manager of First Universal Lending, LLC,<br><br>DAVID ZAUSNER, individually and as owner, officer, or manager of First Universal Lending, LLC, and<br><br>DAVID J. FEINGOLD, individually and as officer or manager of First Universal Lending, LLC,<br><br>Defendants. | **Case No. 09-82322-CIV-ZLOCH** |

**STIPULATED PERMANENT INJUNCTION AND FINAL ORDER**

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on November 18, 2009, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, to obtain preliminary and permanent injunctive and other equitable relief for Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule, 16 C.F.R. § 310.3, in connection with the marketing and sale of mortgage loan modification and foreclosure relief services, naming Defendants First Universal Lending, LLC, Sean Zausner, David Zausner, and David J. Feingold.

The FTC and Defendants hereby stipulate to the entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order").

**FINDINGS**

By stipulation of the parties and being advised of the premises, the Court finds:

1. This is an action by the FTC instituted under Sections 5, 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45, 53(b) and 57b. The Complaint seeks both permanent injunctive relief and consumer redress for Defendants' alleged deceptive acts or practices in connection with the marketing and sale of mortgage loan modification and foreclosure relief services.

2. The FTC has the authority under Sections 13(b) and 19 of the FTC Act to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against Defendants.

3. This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendants. Venue in the Southern District of Florida is proper.

4. The activities of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The parties stipulate and agree to entry of this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date of entry of this Order. This settlement does not settle and resolve any matters not alleged in the Complaint. Defendants do not admit any of the allegations set forth in the Complaint, other than the jurisdictional facts, merely by stipulating and agreeing to the entry of this Order.

6. Defendants waive: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that they may have against the Commission, its

employees, representatives, or agents; (c) any claim that they may have against the Receiver, her employees, representatives, or agents; (d) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (e) any rights to attorney's fees that may arise under said provision of law. The Commission and Defendants shall each bear their own costs and attorney's fees incurred in this action.

7. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8. Entry of this Order is in the public interest.

**DEFINITIONS**

For the purposes of this Final Order the following definitions shall apply:

1. "***Assisting others***" includes, but is not limited to, providing any of the following goods or services to another person: (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; or (E) acting or serving as an owner, officer, director, manager, or principal of any entity.

2. "***Credit***" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

3. "***Debt relief good or service***" means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling, represented, expressly or by implication, to renegotiate, settle, or in any way alter the

terms of payment or other terms of the debt between a consumer and one or more unsecured creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, servicer, or debt collector.

4. "***Defendants***" means the Individual Defendants and Corporate Defendant, individually, collectively, or in any combination. "***Corporate Defendant***" means First Universal Lending, LLC, its subsidiaries, affiliates, fictitious business entities or business names, and its successors and assigns, including, but not limited to First Universal Holdings, LLC. "***Individual Defendants***" means Sean Zausner, David Zausner, and David J. Feingold.

5. "***Financial related good or service***" means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (B) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (C) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (E) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief goods or services; or (F) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

6. "***Federal homeowner relief or financial stability program***" means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or

endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury; (D) the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or (E) any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

7. ***"For-profit "*** means any activity organized to carry on business for the profit of the entity engaging in the activity or that of its members.

8. "***Material fact***" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

9. "***Mortgage loan modification or foreclosure relief service***" means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (A) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (C) obtain any forbearance from any mortgage loan holder or servicer; (D) exercise any right of reinstatement of any mortgage loan; (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of property sold at foreclosure may cure his or her default or reinstate his or her obligation; (F) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a loan or advance of funds

that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (I) save the consumer's residence from foreclosure; (J) obtain proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (L) obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property. The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

10. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

11. **"Servicer"** means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or other entity that performs loan or credit account administration or processing services and/or its authorized agents.

12. **"Telemarketing"** means a plan, program, or campaign, which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call. The term does not include the solicitation of sales through the mailing of a catalog, which: contains a written description or illustration of the goods or services offered for sale; includes the business address

of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation. For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item included in the same catalog, which prompted the customer's call or in a substantially similar catalog.

## ORDER

### BAN ON MORTGAGE LOAN MODIFICATION SERVICES AND FORECLOSURE RELIEF SERVICES

**I. IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service; and

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service.

### PROHIBITED REPRESENTATIONS RELATING TO FINANCIAL RELATED GOODS AND SERVICES

**II. IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion,

offering for sale or sale of any financial related good or service, are hereby permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1. The terms or rates that are available for any loan or other extension of credit, including but not limited to:

(a) closing costs or other fees;

(b) the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

(c) the savings associated with the credit;

(d) the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

(e) whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

(f) that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

(g) that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2. That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3. Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

4. Any aspect of any debt relief good or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such debt relief good or service; the amount of time before which a consumer will receive settlement of the consumer's debts; or the reduction or cessation of collection calls; and

5. That a consumer will receive legal representation;

B. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

**PROHIBITED REPRESENTATIONS RELATING TO ANY GOODS OR SERVICES**

**III. IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full

or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B. That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, any federal homeowner relief or financial stability program, or any other program;

C. The total costs to purchase, receive, or use, and the quantity of, the good or service;

D. Any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

E. Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

**PROHIBITION AGAINST VIOLATING THE TELEMARKETING SALES RULE**

**IV. IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good or service, are hereby permanently restrained and enjoined from violating or assisting others in violating any provision of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, including, but not limited to:

A. Section § 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, directly or indirectly, material aspects of the performance, efficacy, nature or central characteristics of the goods or services that are the subject of the sales offer; and

B. Section § 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii), by misrepresenting, directly or indirectly, a seller's or telemarketer's affiliation with, or endorsement or sponsorship by, any person or government entity.

**PROHIBITIONS ON USE OF CUSTOMER INFORMATION**

V. **IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with advertising, marketing, promotion, offering for sale or sale of any good or service are hereby permanently restrained and enjoined from:

A. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, and

B. failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

**Provided, however,** that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## MONETARY JUDGMENT

**VI. IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered against Defendants, jointly and severally, in the amount of $18,863,120.58.

B. The Individual Defendants shall immediately transfer to the Commission any tax refund that they may receive for taxes paid in 2008, 2009, and 2010.

C. Any funds received by the FTC or its agents pursuant to this Section and Section VII of this Order, titled "Receivership Provisions," shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds. Defendants will cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the FTC determines to be reasonably related to the practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement. Defendants shall have no right to challenge the FTC's choice of remedies or the manner of distribution.

D. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

E. Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

F. The judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

G. Upon request, Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC their tax identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

H. Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

I. Defendants shall take no deduction, capital loss, write-off, or any other tax benefit on any federal or state tax return, amended tax return, IRS Form 1045, or any other tax filing, for all or any part of any payment toward satisfaction of this judgment.

## RECEIVERSHIP PROVISIONS

**VII. IT IS FURTHER ORDERED** that:

A. The Receiver, Jane Moscowitz, Esq., shall wind down the affairs and marshal the records and assets of the Corporate Defendant. Within 45 days after entry of this Final Order, the Receiver shall file a final report to this Court describing the wind-down of the business of the Corporate Defendant and the scope of the Receiver's activities.

B. The Receiver and all personnel hired by the Receiver shall be entitled to reasonable compensation for the performance of duties pursuant to this Final Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in possession or control of, or which may be received by, the receivership estate. Within 45 days after entry of this Final Order, the Receiver shall file with the Court, and serve on the parties, a final accounting and request for the payment of reasonable compensation.

C. Upon the Court's approval of the Receiver's final report and request for payment, the Receiver shall transfer any remaining funds of Defendants to the FTC in partial satisfaction of the judgment, and the receivership shall terminate.

## PROHIBITION ON COLLECTING ACCOUNTS

**VIII. IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby permanently restrained and enjoined from attempting to collect, collecting, selling, or assigning, or otherwise transferring any right to collect payment from any consumer who purchased or agreed to purchase mortgage loan modification or foreclosure relief services from the Corporate

Defendant, *provided however,* that this provision shall not prevent the Receiver from collecting fees for loan modifications accomplished during the course of the Receivership to the extent such collection is authorized by order of the Court.

**COOPERATION WITH FTC**

**IX. IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigation or litigation related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena, *provided however,* that Defendants shall be entitled to receive any witness fees and expenses allowable pursuant to Federal Rule of Civil Procedure 45.

**DISSOLUTION OF ASSET FREEZE**

**X. IT IS FURTHER ORDERED** that the freeze on the Assets of Defendants shall remain in effect until the Defendants have taken all the actions required by Section VI titled "Monetary Judgment," *provided, however*, that Defendants, with the express written consent of counsel for the Commission, may transfer funds to the extent necessary to make all payments required by the Section titled "Monetary Judgment." Once Defendants have fully complied with the requirements of the Section titled "Monetary Judgment," the freeze against the Assets of Defendants shall be lifted permanently. A financial institution shall be entitled to rely upon a

letter from the counsel for the Commission stating that the freeze on the Assets of Defendants has been lifted.

## COMPLIANCE MONITORING

**XI. IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of any Defendants' financial statements upon which the Commission's agreement to this Order is expressly premised:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;
2. having its representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C. Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has

agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

***Provided however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING

**XII. IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

1. Each Individual Defendant shall notify the Commission of the following:

   a. Any changes in such Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

   b. Any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity within ten (10) days of the date of such change. Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

c. Any changes in such Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

2. Defendants shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1. For each Individual Defendant:

a. Such Defendant's then-current residence address, mailing addresses, and telephone numbers;

b. Such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of

each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

c. Any other changes required to be reported under Subsection A of this Section.

2. For all Defendants:

a. A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

b. Any other changes required to be reported under Subsection A of this Section.

C. Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the US Postal Service) all reports and notifications to the Commission that are required by this Order to:

Associate Director for Enforcement
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
RE: FTC v. *First Universal Lending, LLC, et al.,*
*Case no. 09-82322-CIV-ZLOCH*

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant.

**RECORDKEEPING**

**XIII. IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Corporate Defendant in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related good or service, and Individual Defendants for any business for which they, individually or collectively, are the majority owner or directly or indirectly control, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly or indirectly, such as through a third party,) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

**DISTRIBUTION OF ORDER**

**XIV. IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A. Corporate Defendant: Each Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Individual Defendant as control person: For any business that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers,

directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C. Individual Defendant as employee or non-control person: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D. Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

**ACKNOWLEDGMENT OF RECEIPT OF ORDER**

**XV. IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

**RETENTION OF JURISDICTION**

**XVI. IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this 24th day of MAY, 2011.

Honorable William J. Zloch
United States District Judge

**STIPULATED AND AGREED TO BY:**

**PLAINTIFF:**

Willard K. Tom
General Counsel

GIDEON SINASOHN
Special Florida Bar No. A55001392

HAROLD E. KIRTZ
Special Florida Bar No. A5500743

Attorneys for Plaintiff
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
(404)656-1366 (Sinasohn)
(404) 656-1357 (Kirtz)
(404) 656-1379 (Fax)
gsinasohn@ftc.gov
hkirtz@ftc.gov

**DEFENDANTS:**

First Universal Lending, LLC

Sean Zausner

David Zausner

David J. Feingold

**David Jon Feingold**
Attorney for Defendants
Feingold & Kam LLC
5100 PGA Boulevard
2nd Floor
Palm Beach Gardens, FL 33418
561-630-6727X205
561-630-8936 (fax)
david@fkfirm.com